UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peterson Consultants, Inc.,

Plaintiff,

v.

Goodrich Quality Theaters, Inc.,

Defendant.

Civil No. 02-755 JMR/FLN

**ORDER**

---

Steven Weintraut, Esq., for Plaintiff.
Stuart T. Williams, Esq., for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 28, 2002, on: (1) Defendant's Motion to Compel Answer to Interrogatory No. 7 Re: Trade Secret [#15]; and (2) Plaintiff's Motion For Protective Order and For Leave to File First Amended Complaint [#18].

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Compel Answer to Interrogatory No. 7 Re: Trade Secret [#15] is **DENIED**;

2. Plaintiff's Motion For Protective Order and For Leave to File First Amended Complaint [#18] is **GRANTED in part** and **DENIED in part** as follows:

   a. Insofar as the Motion seeks a Protective Order it is **GRANTED** to the extent that the documents attached as Exhibits A and B to the Affidavit of Jim Smith will be designated as "Attorney's Eyes Only" and may not be disclosed beyond Goodrich's attorneys and experts. It is **DENIED** in all other respects;

   b. Insofar as the Motion seeks sanctions, it is **DENIED**;

FILED JUL 01 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

c. Insofar as the Motion seeks leave to file a First Amended Complaint, it is **GRANTED**. Plaintiff is directed to file, forthwith, its Amended Complaint, in substantially the form and content as was filed in support of the Motion to Amend, and Defendant is directed to serve an Amended Answer in accordance with the governing Rules of Civil Procedure.

DATED: 6/28 2002

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Peterson Consultants, Inc.,
d/b/a Silver Screen Advertising,

Plaintiff,

v.

Goodrich Quality Theaters, Inc.,

Defendant.

**Court File No. 02-755 (JMR/FLN)**

**STIPULATION AND PROTECTIVE ORDER**

---

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and by stipulation and agreement of Plaintiff Peterson Consultants, Inc., d/b/a Silver Screen Advertising and Defendant Goodrich Quality Theaters, Inc.,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Protective Order shall apply to all materials and information designated as Confidential, as provided in this Protective Order, and produced by the parties during the course of discovery.

2. The following definitions shall apply in the construction and application of this Protective Order:

a. "Source of Confidential Information" means the party producing Confidential Information.

b. "Confidential Information" means documents and things, and the information contained therein, which is identified as Confidential Information in accordance with paragraph 3 below.

c. "Under Seal" means to be placed in an envelope or suitable container which bears a legend in substantially the following form:

CONFIDENTIAL - SEALED PURSUANT TO COURT ORDER
IN CASE NO. _______________.

This is sealed pursuant to a Protective Order and contains Confidential Information.

3. The Source of Confidential Information shall identify Confidential Information by placing the label "CONFIDENTIAL" on documents or things, or by an appropriate indication on the record during testimony.

4. Confidential Information disclosed in accordance with this Protective Order shall be used solely in connection with this and not for any other purpose, unless otherwise agreed to in writing by all the parties to the Stipulation and Protective Order.

5. Any person to whom Confidential Information is disclosed in accordance with this Protective Order must, prior to and as a precondition of such disclosure, agree to be bound by the terms of this Protective Order by signing the Acknowledgement provided hereunder.

6. Nothing contained in the Stipulation and Protective Order nor any actions taken in accordance with this Protective Order shall be construed as an admission that the information disclosed in accordance with this Protective Order constitutes confidential information, trade secrets, proprietary information, or the like.

7. The disclosure of Confidential Information in accordance with this Protective Order shall not constitute a waiver, release or abandonment of any right, title or interest of a Source of Confidential Information

8. The disclosure of Confidential Information in accordance with this Protective Order shall not constitute a waiver, release or abandonment of any right, title or interest of a Source of Confidential Information, which right, title or interest is fully reserved by such Source of Confidential Information

9. If there is an objection to the designation of information or materials as Confidential, the party which objects shall notify the Source of Confidential Information, and the parties shall in good faith attempt to resolve the dispute regarding the designation. If the parties are unsuccessful, after good faith attempts to resolve the dispute regarding the Confidential designation, parties shall promptly move the Court for a ruling on whether the designated but disputed Confidential Information is entitled to protection.

10. Within sixty (60) days of the conclusion of this action and exhaustion of appeal remedies, if any, all documents and things containing Confidential shall be returned to the Source of Confidential Information, and any copies, duplicates, extracts, summaries, models or other documents or things prepared by a recipient of Confidential Information and containing Confidential Information shall be destroyed.

11. If any party produces, and inadvertently fails to designate as "Confidential" any document appropriate for such designation, the parties agree to treat such documents in accord with the provisions of this Order to the fullest extent possible from the time notice is given to the opposing party of the inadvertent disclosure.

12. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

13. Nothing in this Order shall apply to or restrict the use of Confidential Information designated by a Source of Confidential Information if the Confidential Information is or becomes publicly known or available or is or becomes known to the non-designating party or its agents or employees by other lawful means.

14. This Order shall remain in force and effect until modified, superseded, or terminated by order of the Court. The provisions of this Order shall continue to be binding upon conclusion of this action. This Court shall retain jurisdiction over the parties for enforcement of the provisions of this Order following conclusion of this action.

15. The parties agree that Plaintiff seeks additional protection for some of the documents and information Plaintiff produced in this litigation. In particular, Plaintiff requests the additional protection of an "Attorney's Eye Only" designation of documents and information, whereby those documents and information cannot be disclosed by Defendant to anyone other than Defendant's counsel and Defendant's expert witnesses. Defendant has objected to this category of designation, and Plaintiff will be moving the Court for a Protective Order. Prior to that motion being ruled upon by the presiding judge, the parties agree that Plaintiff can designate documents as "Attorney's Eyes Only," and Defendant will honor that designation until such time as there is a ruling from the Court to the contrary. Defendant's counsel will not disclose any of the documents or information designated as "Attorney's Eyes Only" by Plaintiff to anyone other than persons with Henson & Efron, P.A. and Defendant's expert witnesses until there is a ruling by the Court allowing such disclosure. Plaintiff agrees to request the Court's ruling on this issue, and has set a hearing date for either June 28 or July 1, 2002.

Dated: June 5, 2002.

**SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.**

By: ____________________
John S. Watson (#114868)
Steven J. Weintraut (#251975)

Suite 1300
100 Washington Avenue South

Minneapolis, MN 55401
(612) 339-7131
(612) 339-6591

**Attorneys for Plaintiff Peterson Consultants, Inc. d/b/a Silver Screen Advertising**

Dated: June 5, 2002

**HENSON & EFRON, P.A.**

By: ______________________
Stuart T. Williams (#11750X)
Timothy Mulrooney (#0250041)
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402
(612) 339-2500

**Attorneys for Defendant Goodrich Quality Theaters, Inc.**

**IT IS SO ORDERED:**

Dated: July 1, 2002.

**BY THE COURT**

By: ______________________
Honorable Franklin A. Noel
Magistrate Judge of U.S. District Court

ACKNOWLEDGEMENT

The undersigned hereby acknowledge he/she has read the foregoing Protective Order, understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms.

Dated: ________, 2002.

By: ______________________
Signature

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.