UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peterson Consultants, Inc.,

Plaintiff,

v.

Goodrich Quality Theaters, Inc.,

Defendant.

Civil No. 02-755 JMR/FLN

**REPORT & RECOMMENDATION**

---

Steven Weintraut, Esq., for Plaintiff.
Stuart T. Williams, Esq., for Defendant.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on June 28, 2002, on Defendant Goodrich Quality Theaters, Inc.'s ("Defendant") Motion to Dismiss: (1) Counts II (Breach of Fiduciary Duty); (2) Count VII (Tortious Interference with Contractual Relations and Tortious Interference with Prospective Contractual Relations); (3) Count VIII (Conversion); and (4) Count XII, (Attorneys Fees) of the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [#10].[1] This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636. For the reasons which follow, this Court will recommend that Defendant's motion be granted in part and denied in part.

---

[1] Initially, Defendant sought dismissal of: (1) Count II (Breach of Fiduciary Duty); (2) Count IV (Tortious Interference with Contractual Relations and Tortious Interference with Prospective Contractual Relations); (3) Count V (Conversion); and (4) Count IX (Attorney's Fees) of the original Complaint. During the hearing on June 28, 2002, this Court granted Plaintiff leave to file its First Amended Complaint. Consequently, the Court will consider Defendant's motions in light of the First Amended Complaint.

AUG 06 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. FACTUAL BACKGROUND

This dispute arises out of commercial strife between Plaintiff Peterson Consultants d/b/a Silver Screen Advertising ("Plaintiff") and Defendant. In considering Defendant's motions, the facts are recounted (as they must be) from a fair reading of Plaintiff's version of the evidence. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mfg., Inc., 984 F.2d 924 (8th Cir. 1993); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992); U.S. v. Aceto Agric. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986).

Plaintiff designs and develops advertising materials in still slide format, with or without audio, for exhibition in motion picture theaters. Defendant owns and operates movie theaters in five different mid-western states. On January 1, 1996, the Parties entered into screen advertising agreement, wherein Plaintiff was to supply the still slides for on-screen display at Defendant's theaters. Per the agreement, Plaintiff obtained the exclusive right to sell advertising to third-party advertisers for display in Defendant's theaters, and collect and distribute 50% of the revenues to Defendant. The agreement expired on February 1, 1999, however, the parties continued their business relationship and operated in the same fashion.

Sometime in September 1999, pursuant to the Parties' mutual agreement, Plaintiff began designing Audio Controller Boxes ("Boxes") which provided audio to the still-slide advertising. The plan was to install these Boxes in Defendant's theaters in order to derive more revenues that the Parties would divide evenly. Plaintiff started installing the Boxes in February 2000, and was able to secure more lucrative advertising contracts for the theaters.

Two years later, in February 2002, the Parties discussed the sale of Plaintiff's assets to Defendant. The negotiations stalled and on March 22, 2002, Defendant terminated its relationship

with Plaintiff. Plaintiff commenced this action within the same month, seeking damages arising out of Defendant's termination of their business relationship.

## II. STANDARD OF REVIEW

In the case of a defendant's 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court is limited to considering the allegations of the complaint, must take those allegations as true and must view the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mfg., Inc., 984 F.2d 924 (8th Cir. 1993); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992); United States v. Aceto Agric. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. See 5 Wright & Miller, Federal Practice and Procedure: Civil, §§ 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." Conley, 335 U.S. at 45-46. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982); see also Palmer v. Tracor, Inc., 856 F.2d 1131 (8th Cir.1988); Baxley-DeLamar Monuments, Inc. v. American Cemetery Ass'n, 843 F.2d 1154 (8th Cir. 1988).

## III. CONCLUSIONS OF LAW

### A. Defendant's Motion to Dismiss Count II (Breach of Fiduciary Duty) Should Be Granted, Except Insofar as it Relates to the Alleged Breach of a Fiduciary Relationship Allegedly Arising Out of the Parties' Joint Venture to Install Audio Controller Boxes

Defendant seeks dismissal of Count II (asserting a claim for breach of fiduciary duty) because as a matter of law, there was no fiduciary relationship between the parties. Specifically, Defendant contends that although Count II is predicated on allegations that the fiduciary relationship arises under the agreement: (1) the agreement contained an explicit disclaimer of any fiduciary relationship; and (2) at the time Defendant terminated the Parties' relationship, they were engaged in negotiations for the sale of Plaintiff's assets to Defendant, thus precluding any fiduciary relationship. Plaintiff opposes the motion on the grounds that Defendant cannot use the disclaimer in the agreement as grounds for dismissal because it has disavowed the applicability of said agreement and ignores the breach of duty related to the Boxes, for which there was no written contract. Specifically, Plaintiff explains that the Parties' joint venture to install the Boxes suggests a fiduciary relationship that existed prior to the sale negotiations and thus cannot be dismissed.

In light of Plaintiff's clarification that Count II is also premised on the fiduciary relationship arising out of the Parties' joint venture to install the Boxes, Defendant's Reply Brief limits its motion to seek dismissal of any breach of fiduciary duty claim arising out of any relationship under the agreement.

Under Minnesota law, "[a] fiduciary relationship exists when confidence is reposed on one side and there is resulting superiority and influence on the other; and the relation and duties involved in it need not be legal, but may be moral, social, domestic, or merely personal." Minnesota Timber Producers Ass'n v. American Mutual Ins. Co., 766 F.2d 1261 (8th Cir. 1985); In re Reshetar, C7-95-

203, 1996 WL 175709 (Minn. Ct. Appeals, April 16, 1996); Toombs v. Daniels, 361 N.W.2d 801, 809 (Minn.1985). Other factors, such as disparity in business experience and greater access to facts and legal resources, may also, when combined with a confidential relationship, give rise to a fiduciary relationship. Id. The general rule is that a contract between two parties does not give rise to a fiduciary relationship. See Lincoln Benefit Life Co. v. Edwards, 45 F.Supp.2d 722, 747 (D.Neb.1999), aff'd, 243 F.3d 457 (8th Cir.2001). The clear trend of decisions in the Eighth Circuit is toward a narrow construction of fiduciary duty in the business context. See Carlock v. Pillsbury Co., C4-87-517, 1988 WL 404839 (D. Minn., Oct. 13, 1988). This trend comports with the vast majority of federal and state decisions. (Id.)

Here, it is clear that there was no fiduciary relationship arising from the Parties' written agreement. In fact, the very terms of the agreement show that no fiduciary relationship was intended. That said, Plaintiff has also pleaded the existence of a fiduciary duty allegedly arising out of the Parties' joint venture to install the Boxes, which was not governed by the agreement. Plaintiff alleges that it invested funds in this endeavor based on Defendant's representations and the trust it placed in their relationship. While Plaintiff maybe unable to prove, at trial, the existence of a fiduciary duty owed to it in the context of the sophisticated Parties' business relationship, we must review the allegations of the Complaint as true and construe the evidence in the light most favorable to Plaintiff. Bearing in mind that the existence of a fiduciary relationship is a question of fact and normally for the jury, see Murphy v. Country House, Inc., 240 N.W.2d 507, 512 (Minn. 1976), and considering the aforementioned factors, we are unable to conclude, as a matter of law, that Plaintiff can prove no set of facts which would entitle it to relief. See Lipinski v. Lipinski, 227 Minn. 511, 35 N.W.2d 708, 713 (1949) (addressing a joint venture and holding that "the relationship between

the parties was fiduciary in character . . . but that such relationship and its obligations were limited to the enterprise in which they were mutually engaged."); Genovese v. DCA Food Indus., Inc., 911 F.Supp. 378, 380 (E.D. Mo.1996). As such, this Court recommends that Defendant's motion to dismiss Count II be granted except insofar as it relates to the breach of a fiduciary duty allegedly arising out of the parties' joint-venture to install the Boxes.

**B. Defendant's Motion to Dismiss Count VII (Tortious Interference with Contractual Relations and Tortious Interference with Prospective Contractual Relations) Should Be Denied As Moot**

Defendant seeks dismissal of Count VII (asserting claims for tortious interference with contractual relations and tortious interference with prospective contractual relations) because the claims fail to allege necessary elements of the torts. During the hearing on this matter, Defendant acknowledged that in light of the First Amended Complaint, it no longer had any grounds to seek dismissal of Count VII. In light of the foregoing, the Parties' representations during the hearing on this matter and in viewing the evidence in the light most favorable to Plaintiff, this Court is of the opinion that the motion is moot and will recommend that it be denied as such.

**C. Defendant's Motion to Dismiss Count VIII (Conversion) Should Be Granted, Except Insofar as it Relates to the Audio Controller Boxes**

Defendant seeks dismissal of Count VIII (asserting claim for conversion) because Minnesota law does not recognize a cause of action for conversion of a business relationship. In its response, Plaintiff agreed to dismiss its claim insofar as it alleged conversion of business relationships; however, it opposed dismissal of Count VIII on the grounds that its conversion claim relating to the Boxes is proper. Consequently, the only issue before this Court is whether Plaintiff's First Amended Complaint sufficiently alleges a claim for conversion of the Boxes. We believe it does.

"Under Minnesota law, conversion is defined as an act of willful interference with the *personal property* of another which is without justification or which is inconsistent with the rights of the person entitled to the use, possession or ownership of the property." Dain Bosworth, Inc. v. Goetze, 374 N.W.2d 467. 471 (Minn. Ct. App. 1985) (emphasis added); United States v. May, 625 F.2d 186, 190 (8th Cir. 1980).

Here, Plaintiff alleges that Defendant converted its personal property, namely its audio controller boxes. Given Minnesota law concerning the conversion of personal property, the tangible property listed here is sufficient to support a conversion claim for the Boxes. Thus, in viewing the evidence in the light most favorable to Plaintiff, this Court is of the opinion that the First Amended Complaint sufficiently alleges a claim upon which relief may be granted, and as such, will recommend that Defendant's motion to dismiss Count VIII be granted, except insofar as it relates to the Boxes.

**D. Defendant's Motion to Dismiss Count XII (Attorneys Fees) Should be Granted**

Finally, Defendant seeks dismissal of Count XII because there is no independent cause of action for attorneys fees and Plaintiff has no corollary right to attorneys fees under common law or statute. Plaintiff raises no objection to dismissal of Count XII, except as to its claims for fees under Minnesota Uniform Trade Secrets Act. During the hearing on this matter, Plaintiff's Counsel, Mr. Weintraut, clarified that Plaintiff's purpose in alleging a separate cause of action for fees was merely to put Defendant on notice that Plaintiff is seeking attorneys fees under the Minnesota Uniform Trade Secrets Act.

It is undisputed that there is no independent cause of action for attorney's fees. Consequently, in light of the fact Count IX of the First Amended Complaint, alleging a violation of

the Minnesota Uniform Trade Secrets Act, already seeks attorneys fees as a result of said violation, we find Count XII to be repetitive. Defendant has been given plenty of notice that Plaintiff is seeking fees under the statute itself. Thus, this Court will recommend that Plaintiff's motion to dismiss Count XII be granted.

## IV. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss: (1) Counts II (Breach of Fiduciary Duty); (2) Count VII (Tortious Interference with Contractual Relations and Tortious Interference with Prospective Contractual Relations); (3) Count VIII (Conversion); and (4) Count XII, (Attorneys Fees) of the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [#10] be **GRANTED in part** and **DENIED in part** as follows:

1. Defendant's Motion to Dismiss Count II (Breach of Fiduciary Duty) Should Be **GRANTED, EXCEPT INSOFAR** as it Relates to the Breach of a Fiduciary Relationship Allegedly Arising Out of the Parties' Joint Venture to Install Audio Controller Boxes;

2. Defendant's Motion to Dismiss Count VII (Tortious Interference with Contractual Relations and Tortious Interference with Prospective Contractual Relations) Should Be **DENIED AS MOOT**;

3. Defendant's Motion to Dismiss Count VIII (Conversion) Should Be **GRANTED, EXCEPT INSOFAR** as it Relates to the Audio Controller Boxes;

4. Defendant's Motion to Dismiss Count XII (Attorneys Fees) Should be **GRANTED**.

DATED: Aug 6, 2002

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection in made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.